UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>      v.<br><br>EATING RECOVERY CENTER LLC,<br><br>        Defendant. | Case No. 23-cv-05561-VC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART THE MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

    Eating Recovery Center's motion to dismiss is denied in part and granted in part. The CIPA and CMIA claims may proceed. The UCL claim is dismissed. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

    *Personal Jurisdiction*. The motion to dismiss for lack of personal jurisdiction is based primarily on the Ninth Circuit's recent ruling in *Briskin*, which is now being reheard *en banc*. *See Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023), *reh'g en banc granted, opinion vacated*, 101 F.4th 706 (9th Cir. 2024). Even if the ruling of the three-judge panel in *Briskin* had not been vacated, the Court would find that the complaint adequately alleges personal jurisdiction over ERC in this case for the reasons discussed at the hearing on the motion to dismiss. The fact that *Briskin* is no longer good law only makes the issue easier.

    *CIPA*. The complaint adequately alleges that ERC violated Cal. Penal Code § 631(a) under the aiding and abetting theory of CIPA liability. ERC contends that Doe failed to allege that Meta intercepted communications "in transit" and therefore there can be no liability for ERC. But the complaint contains multiple allegations that Meta's "transmission of information

through the Pixel is instantaneous" and that Meta's code redirects users' communications "simultaneously as the actions and communications on the website take place." Based on these allegations, Doe has sufficiently pled that Meta intercepted her communications "in transit" as required under § 631(a). *See Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1131 (S.D. Cal. 2023).

*CMIA*. Doe plausibly alleges that ERC violated section 56.10 of California's Confidentiality of Medical Information Act by employing the Meta Pixel on its website and thereby disclosing users' medical information without their consent. Doe also adequately alleges that ERC violated section 56.101 of the CMIA by failing to maintain or preserve the confidentiality of patients' medical information through its use of the Meta Pixel. ERC argues that the section 56.101 claim should be dismissed because Doe's allegations are not based on negligence but rather ERC's intentional disclosure of patient medical information by way of its decision to employ the Meta Pixel. However, at the pleading stage, the plaintiff can allege seemingly contradictory theories of liability. *See PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). Here, Doe has adequately alleged that ERC's use of the Meta Pixel, at the most, constitutes an intentional disclosure, and, at a minimum, is a negligent release of confidential medical information.

As for ERC's arguments about what damages provision should apply, that issue does not need to be decided now. Depending on whether Doe can prove intentional disclosure or only negligent release, the damages she may be entitled to can be determined at that point.

*UCL*. The UCL claim is dismissed because the complaint does not plausibly allege economic injury resulting from the alleged conduct. Although the complaint includes some vague and dubious allegations about a market for individual medical data, Doe does not adequately allege that she can no longer avail herself of any such markets due to the alleged disclosure of her information to Meta.

**IT IS SO ORDERED.**

Dated: June 4, 2024

_____
VINCE CHHABRIA
United States District Judge