**GIBSON, DUNN & CRUTCHER LLP**
ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306


*Attorneys for Non-Party Meta Platforms, Inc.*


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EATING RECOVERY CENTER LLC,<br><br>Defendant. | Case No. 3:23-cv-05561-VC<br><br>**NON-PARTY META PLATFORMS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO JOIN META PLATFORMS, INC. AS A NECESSARY PARTY**<br><br>[*Declaration of Elizabeth K. McCloskey filed concurrently herewith*]<br><br>Date Action Filed: October 27, 2023<br>Honorable Vince Chhabria<br><br>Date:        February 27, 2025<br>Time:        10:00 a.m.<br>Place:        Courtroom 4 |

**INTRODUCTION**

Plaintiff Jane Doe commenced this putative class action against defendant Eating Recovery Center LLC ("ERC") more than a year ago.  Meta Platforms, Inc. ("Meta") has participated in discovery as a non-party, working in good faith to respond to multiple subpoenas and produce documents.  Now, more than a year into the case, ERC attempts to hail Meta into this lawsuit as a co-defendant.  But as numerous other courts have recognized in severing claims against Meta from those against co-defendants in similar cases involving California Invasion of Privacy Act ("CIPA") claims, any claims that plaintiff may have against Meta are distinct from her claims against ERC.  In fact, if Meta were added as a defendant in this case, it would promptly move to sever the claims against it, relate them to another putative class action concerning Meta's alleged receipt of "health" data from third-party web and app developers (the "Consolidated Healthcare Action"), and consolidate them into that case.  But there is no reason to go through that circuitous process, as ERC's motion should be denied.

ERC styles this motion as unopposed; in reality, Meta opposes it, and even plaintiff Jane Doe does not agree with ERC's argument that its liability under CIPA requires proving a separate violation by Meta.  In any event, ERC's argument that Meta is a necessary party falls flat.  ERC asserts that complete relief between the existing parties cannot be afforded unless Meta is added to the suit.  But courts have regularly recognized that plaintiffs can proceed with aiding-and-abetting claims without joining a principal party.  Here, Jane Doe seeks to hold ERC accountable for its own actions, and Meta does not need to be a party for the Court to rule and grant complete relief on ERC's own liability.  ERC also argues Meta could be subject to inconsistent obligations as a result of a ruling in this case.  But ERC conflates inconsistent *obligations* with inconsistent *results*; as a non-party, Meta would not be subject to *any* obligation as a result of this suit, no matter the outcome.  Rather, given the ongoing litigation against Meta in the Consolidated Healthcare Action, it is *ERC's* approach of forcing Meta to become a party in this suit that would risk subjecting Meta to inconsistent obligations.  That is why, in numerous other cases where both Meta and a healthcare provider have been named in a single action (including cases asserting aiding-and-abetting claims), courts in this District and others have severed the claims against Meta so that they can be consolidated with the Consolidated Healthcare Action.

Meta respectfully asks the Court to deny ERC's motion to join Meta as a necessary party.

- 1 -

## BACKGROUND

***The Consolidated Healthcare Action.*** On June 17, 2022, a "John Doe" Facebook user filed an action against Meta, alleging that his healthcare provider installed tracking and collection tools, including the Meta Pixel, on the patient portal website that he used to access his healthcare provider's services. Dkt. 1 ¶ 1, Case No. 3:22-cv-3580-WHO. After that action was filed, four other lawsuits alleging similar facts and bringing the same or similar claims were filed. *See id.*, Dkt. 73. On October 12, 2022, the court granted a motion to consolidate those cases and established a process for the parties to consolidate any additional related claims into the Consolidated Healthcare Action. *Id.* ¶ 4. Since that order, Meta and the plaintiffs in the Consolidated Healthcare Action have successfully moved to sever, relate, and consolidate into that action similar claims filed against Meta in sixteen lawsuits across the country, including cases involving web-developer defendants. *Id.*, Dkt. 191 at 45 (listing cases related to and consolidated into the Consolidated Healthcare Action as of March 7, 2023); Dkt. 384 (listing additional cases related to and consolidated into the Consolidated Healthcare Action).

On October 10, 2023, the plaintiffs in the Consolidated Healthcare Action filed their First Amended Consolidated Class Action Complaint ("FAC") alleging that Meta's Business Tools, including the Meta Pixel, were used "to intercept individually identifiable health information from Meta health care 'Partner' websites." *Id.*, Dkt. 335 ¶ 1. The FAC alleged that because numerous "covered entities" had installed Meta's tracking tools, including the Pixel, on their websites, Meta received individually identifiable, confidential, and otherwise sensitive health information about the plaintiffs. *Id.* ¶ 84. The FAC defined "covered entities" to include "healthcare providers, health insurers, healthcare clearinghouses, patient portal providers, pharmacies, pharmaceutical companies, and any other entity, business associate, or contractor for which health or medical information is protected by HIPAA or the CMIA." *Id.* ¶ 21.

The FAC asserts several common law and statutory privacy-related causes of action, including violation of CIPA sections 631 and 632 and unjust enrichment. *Id.*, Dkt. 335 ¶¶ 368–547. It seeks certification of a nationwide class of "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity through Meta Collection Tools," including the Meta Pixel. *Id.* ¶¶ 353–354.

***This action.***  Plaintiff Jane Doe filed this action against ERC on October 27, 2023.  Dkt. 1.  On February 16, 2024, instead of responding to ERC's motion to dismiss, Jane Doe amended her complaint. Dkt. 25.  Plaintiff alleges that, without users' consent, ERC—"an international center for eating disorders and recovery, as well as for mood, anxiety, and trauma-related disorders"—embedded the Meta Pixel on its websites.  *Id.* ¶¶ 5, 25.  Plaintiff asserts that ERC offers virtual and in-person treatment for eating disorders and mental disorders.  *Id.* ¶ 3.  Users access ERC websites to "schedule, or learn about these services and do things like take diagnostic quizzes or research symptoms, conditions, and treatment through the internal search bar."  *Id.* ¶ 3.  As a result, plaintiff alleges, "when users submit personal and/or medical information on ERC's websites, the Pixel transmits this information to Meta."  *Id.* ¶ 5.

Plaintiff Jane Doe asserted claims against ERC for unjust enrichment and violations of CIPA, the Unfair Competition Law ("UCL"), and the Confidentiality of Medical Information Act ("CMIA").  *Id.*  ¶¶ 77–128.  On June 4, 2024, this Court granted in part and denied in part ERC's renewed motion to dismiss, dismissing the UCL claim and allowing the CMIA and CIPA claims.  Dkt. 40.  As to plaintiff's CIPA claim, the Court found that the complaint "adequately alleges that ERC violated Cal. Penal Code § 631(a) under the aiding and abetting theory of CIPA liability."  *Id.* at 1.

Meta has responded to non-party discovery in this action.  On July 10, 2024, plaintiff served a document subpoena on Meta.  McCloskey Decl. ¶ 2.  On July 25, 2024, Meta served responses and objections to that subpoena, and on November 4, 2024, Meta produced data in response to the subpoena.  *Id.* ¶ 3.  On December 16, 2024, plaintiff served another document subpoena on Meta.  *Id.* ¶ 4.  Meta served responses and objections to that subpoena on January 2, 2025, and is currently investigating potentially responsive documents in its possession, custody, or control.  *Id.* ¶ 5.  On January 13, 2025, ERC served a deposition subpoena on Meta.  *Id.* ¶ 6.  On January 15, 2025, plaintiff served a deposition subpoena on Meta.  *Id.* ¶ 7.  Plaintiff, Meta, and ERC have met and conferred eleven times since plaintiff first served Meta with a third-party document subpoena.  *Id.* ¶ 8.

ERC now moves to join Meta as a necessary party to the action, claiming that "the court cannot accord relief among the existing parties because ERC's liability under CIPA, if any, is entirely dependent on the alleged liability of an absent party, Meta."  Dkt. 56 at 5.  ERC also claims that a "finding in

- 3 -

this action that Meta violated the CIPA may leave Meta subject to multiple or inconsistent obligations under that statute." *Id.* While ERC frames the motion as unopposed, Meta opposes this motion, and plaintiff Jane Doe "disagrees with Defendant's summary of her legal theory and does not believe Defendant's liability under CIPA requires proving that Meta separately violated CIPA." *Id.* at 1.

**ARGUMENT**

Meta is not a necessary party to this action. Rule 19 "imposes a three-step inquiry: 1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)? 2. If so, is it feasible to order that the absent party be joined? 3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?" *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). If the court concludes the absent party is not necessary at step one, the court need not reach steps two or three. *See Kelley v. AW Distrib., Inc.*, 2022 WL 1659119, at *2 (N.D. Cal. May 25, 2022).

Under Rule 19(a), "a party is deemed 'necessary' if complete relief cannot be granted in its absence." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Courts "ask[] whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Id.* Critically, "[t]his portion of the rule is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (quotation marks omitted).

An absent party may also be deemed necessary if the party "claims an interest relating to the subject of the action" and "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rts. Action Comm.*, 375 F.3d at 878–80. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008).

**I.    Other Courts Have Routinely Severed Claims Against Meta From Claims Against Healthcare Providers.**

In numerous other cases where both Meta and a healthcare provider were named as defendants in a single action (including cases asserting CIPA claims against healthcare defendants under aiding-and-abetting theories), far from considering Meta a necessary party, courts have *severed* the claims against Meta. *See, e.g.*, *Krackenberger v. Northwestern Memorial Hospital*, Case No. 22-cv-4203, Dkt. 38 (N.D. Ill. Sept. 23, 2022); *Smidga v. Meta*, Case No. 22-cv-1231, Dkt. 22 (W.D. Pa. Oct. 3, 2022); *Stewart v. Advocate Aurora Health, Inc.*, Case No. 22-cv-05964, Dkt. 17 (N.D. Ill. Nov. 28, 2022); *C.C. v. Meta Platforms, Inc.,* Case No. 22-cv-970, Dkt. 24 (M.D.N.C. Dec. 28, 2022); *Naugle v. Meta Platforms Inc.,* Case No. 22-cv-727, Dkt. 39 (M.D.N.C. Dec. 28, 2022); *Smart v. Main Line Health*, Case No. 22-cv-05239, Dkt. 10 (E.D. Pa. Feb. 2, 2023); *Hartley v. Meta Platforms, Inc.,* Case No. 1:22-cv-5891, Dkt. 30 (N.D. Ill. Feb. 14, 2023); *Murphy v. Meta Platforms Inc.*, Case No. 22-cv-04674, Dkt. 26 (E.D. Pa. Feb. 27, 2023); *Santoro v. Tower Health*, Case No. 22-cv-04580, Dkt. 27 (E.D. Pa. Mar. 7, 2023); *Howard v. Laboratory Corporation of America*, Case No. 23-cv-2773, Dkt. 52 (N.D. Cal. Aug. 23, 2023) (alleging CIPA violation against healthcare defendant under aiding-and-abetting theory); *Williams v. Banner Health*, Case No. 23-cv-01228, Dkt. 34 (D. Ariz. Sept. 19, 2023); *Harrill v. Emanuel Med. Ctr.*, Case No. 23-cv-1672, Dkt. 23 (E.D. Cal. Oct. 12, 2023) (alleging CIPA violation against healthcare defendant under aiding-and-abetting theory); *Rose v. Sansum Clinic*, Case No. 23-cv-08180, Dkt. 25 (C.D. Cal. Oct. 20, 2023) (alleging CIPA violation against healthcare de-fendant under aiding-and-abetting theory); *Doe v. Santa Clara County*, Case No. 23-cv-04411, Dkt. 37 (N.D. Cal. Nov. 7, 2023); *Beltran v. Doctors Med. Ctr. of Modesto*, Case No. 23-cv-01670, Dkt. 25 (E.D. Cal. Oct. 12, 2024); *Newton et al. v. Kaiser Foundation Health Plan, Inc.*, Case No. 3:24-CV-03625, Dkt. 58 at 19:15–20 (N.D. Cal. Nov. 8, 2024).

In severing claims against Meta from claims against healthcare providers, those courts have necessarily recognized that Meta is not a necessary party to the claims against the healthcare providers. *See, e.g.*, *Sullivan v. Calvert Mem'l Hosp.,* 117 F. Supp. 3d 702, 705 (D. Md. 2015) ("The general consensus is that parties may be severed under Rule 21 even when they have been properly joined, so

OPPOSITION TO DEFENDANT'S MOTION TO JOIN META PLATFORMS, INC. AS A NECESSARY PARTY
CASE NO. 3:23-CV-05561-VC

long as the party is not necessary and indispensable under Rule 19."); *cf. Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time."). The same holds true here: any claims Jane Doe may have against Meta would be distinct from the claims she asserts against ERC. Indeed, if Meta were added as a party to this suit, its first action would be to move to sever the claims against it for consolidation with the Consolidated Healthcare Action, as Meta has done in numerous other cases. But there is no reason to take that circuitous route; ERC's motion should simply be denied.

## II.    ERC's Arguments That Meta Is A Necessary Party Are Unpersuasive.

### A.    Complete Relief Between Jane Doe And ERC Is Possible Without Meta's Participation.

This Court can award complete relief between Jane Doe and ERC without joining Meta as a party. While courts have recognized that the complete-relief element of the Rule 19 inquiry is "concerned with consummate rather than partial or hollow relief as to those already parties," *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983), ERC's argument focuses on its belief that a finding of liability "should not occur in the absence of Meta as a party defendant," Dkt. 56 at 5. ERC's preference to sweep Meta into this action is irrelevant. Instead, ERC bears the burden to show why Meta is *necessary* for relief as between ERC and plaintiff Jane Doe. ERC fails to meet its burden.

Courts regularly deny joinder motions where plaintiffs seek to hold a defendant liable for its own role in a plaintiff's injury. For example, in *Kelley*, 2022 WL 1659119, the court denied the defendants' motion to dismiss, which argued there were certain necessary parties who could not be joined. There, the moving defendants argued two non-parties were necessary because they also played a role in a tragic car accident that resulted in the death of the plaintiffs' relatives. *Id.* at *1–2. In denying the motion, the court highlighted that the plaintiffs were attempting to hold the moving defendants liable for their *own* actions, not for the actions of the absent parties, and stressed that "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* at *3 (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). In response to the defendants'

- 6 -

argument that the non-parties were integral to mounting their own superseding-cause defense, the court noted that the defendants failed to explain why third-party discovery from the non-parties would be insufficient to establish their defense. *Id.* Ultimately, the defendants failed to persuasively argue "why they cannot defend against th[e] claims without joining" the non-parties and "why the Court would be unable to fashion meaningful relief among the existing parties." *Id.*

Similarly, in *Force MOS Tech. Co. v. Lin*, 2024 WL 1199017 (N.D. Cal. Mar. 19, 2024), the court denied a defendant's motion to join non-parties, finding that the court would be able to afford complete relief without the presence of the absent parties. Specifically, the court highlighted that a non-party is not "necessary" where the court could "easily grant" the plaintiff's requested relief "without hailing new parties into this action." *Id.* at *2.

The same approach is warranted here. ERC's contention that complete relief cannot be accorded among the existing parties because ERC's liability under CIPA is dependent on Meta's liability, Dkt. 56 at 5, does not hold water. Just as in *Kelley*, plaintiff Jane Doe seeks to hold ERC accountable for its own actions. In fact, courts have repeatedly held that plaintiffs can proceed with aiding-and-abetting claims without joining the principal party. *See, e.g.*, *SSI Inc. v. Ferry*, 2021 WL 9315372, at *3–5 (C.D. Cal. July 28, 2021) (holding a lawsuit involving an aiding-and-abetting claim could continue without "the primary participants in the alleged wrongful conduct" because the non-parties were not necessary under Rule 19); *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2020 WL 4194195, at *5 n.6 (E.D.N.Y. July 20, 2020), *aff'd*, 6 F.4th 308 (2d Cir. 2021) (concluding that even though defendants may be found liable for aiding and abetting a breach of fiduciary duty in the instant litigation, and the principal party may not be found liable in subsequent litigation, the principal party was not a necessary party under Rule 19); *Matlack Leasing, LLC v. Morison Cogen, LLP*, 2010 WL 114883, at *12 (E.D. Pa. Jan. 13, 2010) (permitting a plaintiff to proceed with an aiding-and-abetting claim without joining the principal party because the defendant's assertion that "any decision on plaintiffs' aiding and abetting claim requires a 'legally binding' decision on whether [the principal] breached his fiduciary duty . . . does not demonstrate necessity under Rule 19"); *see also Andrade v. Station Casinos LLC*, 2021 WL 4441990, at *2 (N.D. Cal. Mar. 22, 2021) (rejecting argument that federally recognized tribe was a necessary party simply because it had a "primary role" in the plaintiffs' injury).

- 7 -

Additionally, ERC fails to explain why third-party discovery from Meta, which ERC and plaintiff are already pursuing, would be insufficient to build any defense ERC would like to mount. For example, ERC argues that liability under the CMIA may turn in part on whether Meta "actually viewed" statutorily protected "medical information." Dkt. 56 at 1. But ERC does not explain why third-party discovery would be insufficient to access the information it needs. In fact, Meta has worked in good faith to respond to the named parties' discovery requests since the beginning of discovery, has already produced data, and is continuing to investigate responsive documents to produce. *See supra* 3.

Because ERC fails to explain why this Court could not accord complete relief as between the current parties without Meta's participation, the Court should deny the motion to join Meta as a necessary party.

> **B.      Meta Does Not Claim An Interest Relating To This Action, And Disposing Of The Action In Meta's Absence Would Not Impose Any Inconsistent Obligations.**

As an initial matter, Meta is not a necessary party under Rule 19(a)(1)(B) because it does not claim any interest relating to the subject of this action. "Joinder is contingent upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (cleaned up). Here, ERC "simply hypothesize[s] that [Meta's] interests will be impaired" if not joined in this action. *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *14 (N.D. Cal. Aug. 9, 2007). Stated plainly, Meta does not assert an interest in the action. Accordingly, Meta cannot be necessary under subsection (a)(1)(B).

Oddly, although Rule 19(a)(1)(B) asks whether a person's absence would "leave an *existing* party subject to a substantial risk of incurring . . . inconsistent obligations" (emphasis added), ERC argues (at 5) that Meta's absence could leave *Meta* subject to inconsistent obligations. That is not the proper inquiry under the rule. In any event, Meta would not be subject to inconsistent obligations as a result of any ruling in this case. Courts are clear that "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty.*, 547 F.3d at 976. "Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Id.*

- 8 -

ERC's argument conflates inconsistent *obligations* with inconsistent *results*. In illustrating a potential inconsistent obligation, ERC presents a scenario in which similar litigation is brought against Meta and "determines that Meta did not violate CIPA through its use of the Meta Pixel in an indistinguishable manner as the Meta Pixel was employed here." Dkt. 56 at 5. But that scenario would merely involve inconsistent *results*—*i.e.*, a future court finding that Meta has not violated CIPA—not inconsistent *obligations* whereby Meta would be unable to comply with two court orders concerning the same incident.

For example, in *Ikeda v. San Francisco Firemen Credit Union*, 2021 WL 4776705 (N.D. Cal. Oct. 13, 2021), the court held that a non-party was not required to be joined even where the action pertained to an overpayment of a loan on a property owned by both the defendants and the non-party. *Id.* at \*7. The court reasoned that while the non-party could bring a future lawsuit against the defendants relating to the loan, multiple litigations with potentially inconsistent results do not require joinder of absent parties. *Id.* Relatedly, the court highlighted that if the plaintiff were to prevail in the case, the defendants could still comply with the court's judgment without being in breach of another court's order relating to claims brought by the non-party. *Id.* Similarly, in *Bird v. Keefe Kaplan Mar., Inc.*, 2015 WL 1009015 (N.D. Cal. Mar. 5, 2015), the court denied a defendant's motion to join a non-party and highlighted that "subsequent litigation that results in different liabilities does not necessitate compulsory joinder." *Id.* at \*4. The same is true here.

In fact, if anything, it is *ERC's* approach that would risk subjecting Meta to inconsistent obligations by making Meta defend against substantially the same allegations in both the Consolidated Healthcare Action and this case. If Meta were added to this action, both this case and the Consolidated Healthcare Action would allege that Meta received sensitive health information because of healthcare providers' installation of Meta's Pixel on their websites. *See* Dkt. 335 ¶ 1, Case No. 3:22-cv-03580-WHO. Both cases would bring claims for unjust enrichment and violations of CIPA section 631. *See* Dkt. 1 ¶¶ 56–65, 85–90; Dkt. 335 ¶¶ 445–456, 541–547 Case No. 3:22-cv-03580-WHO. ERC is a "covered entity" as the complaint in the Consolidated Healthcare Action defines that term, Dkt. 335 ¶ 21, Case No. 3:22-cv-03580-WHO, and, based on her allegations, plaintiff Jane Doe falls within the putative class in the Consolidated Healthcare Action, which includes "[a]ll Facebook users whose

- 9 -

health information was obtained by Meta from their health care provider or covered entity." Dkt. 185 ¶ 274, Case No. 3:22-cv-03580-WHO.

**CONCLUSION**

ERC's motion to join Meta as a necessary party should be denied.


Dated: January 27, 2025                                 **GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Elizabeth K. McCloskey*
         Elizabeth K. McCloskey

*Attorneys for Non-Party Meta Platforms, Inc.*

OPPOSITION TO DEFENDANT'S MOTION TO JOIN META PLATFORMS, INC. AS A NECESSARY PARTY
CASE NO. 3:23-CV-05561-VC