UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>EATING RECOVERY CENTER LLC,<br><br>        Defendant. | Case No. 23-cv-05561-VC<br><br>**ORDER DENYING MOTION FOR JOINDER OF META PLATFORMS, INC., AS A NECESSARY PARTY**<br><br>Re: Dkt. No. 56 |

      Eating Recovery Center's motion for joinder of Meta Platforms, Inc., as a necessary party is denied.

      An absent party that has not been named to a lawsuit is deemed "necessary" in one of two circumstances. The first is when "the court cannot accord complete relief among the existing parties" without the absent party. The second is when the absent party claims an interest in the action, and adjudicating the action without the absent party may: (i) impede the absent party's ability to protect their interest; or (ii) leave an existing party subject to "substantial risk of incurring double, multiple, or inconsistent obligations" because of the absent party's interest. Under either circumstance, the absent party must be joined if feasible. Fed. R. Civ. P. 19(a)(1).

      Eating Recovery Center has not satisfied either test as to Meta. First, complete relief can be accorded in Meta's absence: Doe is seeking to hold the Center (not Meta) liable for the Center's role in aiding and abetting of CIPA violations. Second, Meta has disavowed any interest in this litigation, so there's no need for the Center to be seeking to protect Meta's interests here. *See United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999). In addition, contrary to the

Center's assertions, there is no risk that an existing party would be subject to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Instead, the Center's arguments focus on the risk to Meta, who is not currently a party to this action.

The parties may submit a joint stipulation proposing an extension of the discovery deadline in light of this order, and the Court will sign it so long as it's reasonable. Any stipulation is due one week from the date of this order.

**IT IS SO ORDERED.**

Dated: February 6, 2025

VINCE CHHABRIA
United States District Judge