UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>EATING RECOVERY CENTER LLC,<br><br>   Defendant. | Case No. 23-cv-05561-VC  (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY BRIEF**<br><br>Re: Dkt. No. 71 |

  Pending before the Court is a discovery dispute that arises from a subpoena that Defendant Eating Recovery Center LLC (ERC or Defendant) served on Plaintiff's co-counsel, Don Bivens, LLC (Bivens firm). ECF No. 71. Defendant seeks to compel the Bivens firm to appear for a deposition regarding the creation or preservation of screen shots used in the Complaint and produced in discovery.

  Rule 45 does not require that a request to compel compliance with a subpoena be resolved exclusively by the court for the district where compliance is required; rather, with the parties' consent, the court that issued the subpoena may resolve a dispute arising from the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i), (f); *In re Third-Party Season 4, LLC*, No. 23-cv-01318, 2025 WL 220218, at *4 (S.D. Cal. Jan. 15, 2025). The undersigned construes Plaintiff's counsel's decision to present this dispute to this Court rather than move to quash the subpoena in the District of Arizona as indicative of his consent. In light of the parties' agreement to present the dispute to this Court in a joint discovery letter, and having considered the letter, materials attached to the letter, and the relevant authorities, in particular Rules 26 and 45 of the Federal Rules of Civil Procedure, the Court DENIES Defendant's request for the following reasons.

  Under Rule 26, discovery requests must be proportionate to the needs of the case. This

principle also applies to subpoenas, and Rule 45 protects non-parties from subpoenas that subject a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The non-party Bivens firm has provided Defendant with a declaration to attempt to respond to and resolve the subpoena. According to the Bivens firm, the declaration describes when and how the screenshots were created, and includes the settings for the Facebook account and web browser, among other details. Defendant declined to attach a copy of the declaration to the discovery letter, and failed to explain why the declaration provides insufficient information and what additional information will be gleaned from a deposition. Instead, Defendant simply contends that it did not negotiate the proposed declaration and therefore cannot accept it. To the extent Defendant is seeking to depose the Bivens firm about the creation and preservation of the screenshots Plaintiff produced, which, according to Defendant, omit certain data and contain markings that appear unsupported or misleading, it has not stated why the declaration is insufficient and why other written discovery requests are not suitable to address these concerns.

Furthermore, Defendant explained that in the meet and confer process, it attempted to negotiate a resolution of the dispute by suggesting that Plaintiffs could recreate screenshots in a different format. This indicates that the present dispute derives from Defendant's dissatisfaction with the format in which the screenshots were saved, and Defendant has not demonstrated that a deposition would resolve that issue or supply other pertinent information not already covered by the declaration. Because Defendant's request fails to meet the threshold showing that its discovery request is proportionate to the needs of the case, the Court need not address the other arguments that concern work production protection, and the request to compel is DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2025

LISA J. CISNEROS
United States Magistrate Judge

2