**MOGIN LAW LLP**
Daniel J. Mogin (SBN No. 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone:   (619) 687-6611
Facsimile:   (619) 687-6610
dmogin@moginlawllp.com
tlacomb@moginlawllp.com

**DON BIVENS PLLC**
Don Bivens (*pro hac vice forthcoming*)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:   (602) 708-1450
don@donbivens.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiff,<br><br>vs.<br><br>EATING RECOVERY CENTER LLC,<br><br>Defendant. | Case No: 3:23-cv-05561-VC<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge: Hon. Vince Chhabria |

1. Pursuant to Federal Rule of Civil Procedure 26(c), Civil Local Rules 7-11 and 79-5, and this Court's Standing Order for Civil Cases, Plaintiff Jane Doe ("Plaintiff") respectfully moves the Court for an order sealing the documents in the manner discussed below.

2. In compliance with Civil Local Rule 79-5, Plaintiff Jane Doe ("Plaintiff") filed provisionally under seal, several exhibits to their Motion for Summary Judgment (ECF No. 81) and a Motion in Limine (ECF No. 86), and that motions and supporting documents contain materials that Plaintiff designated as "Confidential" or "Highly Confidential - Attorneys Eyes Only", as defined in the Parties' Stipulated Protective Order (ECF Nos. 49 and 54, the "Protective Order").

3. Plaintiff's claims are based on ERC's alleged unlawful interception of her highly sensitive personal and medical information concerning her eating disorder. Recognizing the highly personal and stigmatizing nature of the information at issue in this case, the Court permitted Plaintiff to proceed anonymously. ECF No. 6. Consistent with that ruling, Plaintiff seeks to maintain her anonymity and the confidentiality of her medical information through the redactions discussed below. Absent sealing, Plaintiff's identity and personal and medical information will be disclosed, including specifics concerning her eating disorder, treatment, and browsing history on Defendant's website. This would not only potentially harm Plaintiff physically and emotionally, but would cause her to suffer the exact injury on which her claims are based but to an even greater degree – the disclosure of her personal and medical information concerning her eating disorder and treatment to the general public.

4. The "compelling reasons" standard applies here because the evidence at issue is more than tangentially related to this case. *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 U.S. Dist. LEXIS 210588, at *13 (N.D. Cal. Dec. 13, 2018) (explaining the "compelling reasons" standard applies because the "Ninth Circuit has held that routine motions in limine [] are strongly correlative to the merits of a case.").

5. Courts in this Circuit routinely find that the "compelling reasons" standard has been satisfied in similar situations, particularly where the plaintiff is proceeding under a

pseudonym and medical information is involved. *Doe v. Apple Inc. Health & Welfare Benefit Plan*, No. 22-cv-02566-EJD, 2023 U.S. Dist. LEXIS 25966, at *4 (N.D. Cal. Feb. 15, 2023) ("Given the sensitive personal and medical history underlying this matter, Plaintiff's status as a minor at the time of the events, and Plaintiff's choice to file suit as a Jane Doe plaintiff, the Court also finds the protection of Plaintiff's identity to be an additional compelling reason to seal . . .."); *Vega v. Honeywell Int'l Inc.*, No. 3:19-CV-0663 W (BGS), 2021 U.S. Dist. LEXIS 245748, 2021 WL 6106424, *3 (S.D. Cal. Mar. 23, 2021) (finding "the need to protect medical privacy qualifies as a 'compelling reasons' for sealing records"); *Trulove v. D'Amico*, No. 16-cv-50 YGR, 2018 U.S. Dist. LEXIS 30786, at *4 (N.D. Cal. Feb. 23, 2018) (court permitted sealing of name of John Doe plaintiff and medical information concerning witness).

6.     Moreover, the proposed redactions are narrowly tailored to Plaintiff's personal and medical information, including information concerning her eating disorder, treatment, and browsing history and interactions on ERC's website. There is no less restrictive alternative because these documents are central to Defendant's motion and include personal and medical information concerning the Plaintiff. Therefore, this information will unavoidably be included in the Exhibits and Motion.

| Document(s) | Portions to be Sealed | Reason for Sealing |
| --- | --- | --- |
| Ex. 3 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. A) | Entire Document | This document should be sealed in its entirety because it contains data that Meta intercepted via the Pixel and matched to Plaintiff, which includes (i) Plaintiff's name; (ii) Plaintiff's browsing history on ERC's website, including descriptive URLs showing things like the specific intake form Plaintiff viewed and specific condition Plaintiff is researched; (iii) the exact time that Plaintiff viewed the webpages, which indicates how Plaintiff interacted with the webpages; (iv) details about the device on which Plaintiff accessed ERC's website; and (v) details about the type of "event" that triggered the logged transmission. Such information reveals details about the Plaintiff, her specific eating disorder, and her treatment and, therefore, should be protected. |

| | | |
|---|---|---|
| Ex. 4 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. B) | Entire Document | This document shows additional data that Meta intercepted via the Pixel and matched to Plaintiff. It includes: (i) Plaintiff's name; (ii) webpages Plaintiff viewed and actions taken thereon, such as answers provided for certain forms; (iii) when the Plaintiff viewed the webpages; and (iv) a hashed identifier for Plaintiff and/or content she viewed. Such information reveals medical and personal information about the Plaintiff, her specific eating disorder, and her treatment and, therefore, should be protected. |
| Ex. 6 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. C) | Pgs. 20-21, 38-39 | The proposed redactions cover information concerning Plaintiff's eating disorder, diagnosis, and treatment, personal identifiers that someone could use to determine Plaintiff's identity, and advertisements targeted to Plaintiff by eating disorder companies. |
| Ex. 14 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. D) | Pgs. 14, 20, 27-29, 202-203 | Testimony by Plaintiff concerning her medical condition and specific treatment, including with Defendant ERC. |
| Ex. 17 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. E) | Entire Document. | The proposed redaction covers treatment information concerning Plaintiff. |
| Ex. 18 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. F) | Part of one page. | The proposed redactions pertain to Plaintiff's case file and includes her name and treatment information. |
| Ex. 20 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. G) | Entire Document | This document contains the exact advertisements Plaintiff was targeted with, many of which are from eating disorder or mental health disorder services. |
| Ex. 23 to LaComb Declaration in Support | Part of one page. | The proposed redaction covers treatment information concerning Plaintiff. |

| | | |
|---|---|---|
| of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. H) | | |
| Ex. 31 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. I) | Entire Document. | The proposed redaction covers treatment information concerning Plaintiff. |
| Ex. 32 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. J) | Part of one page. | The proposed redaction covers Plaintiff's name and treatment/appointment information. |
| Ex. 33 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. K) | Part of one page. | The proposed redaction covers Plaintiff's name and treatment/appointment information. |
| Ex. 34 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. L) | Part of one page. | The proposed redaction covers treatment information concerning Plaintiff. |
| Ex. 35 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. M) | Part of one page. | The proposed redactions apply to the Plaintiff's name and other personal information like date of birth and email address, and other medical information like patient status. |
| Ex. 36 to LaComb Declaration in Support of Plaintiff's Motion for Summary Judgment (attached hereto as Ex. N) | Part of one page. | The proposed redactions apply to the Plaintiff's name and other personal information like date of birth and email address, and other medical information like patient status. |

7. For the foregoing reasons, counsel for Plaintiff request that the Court allow the portions of the above referenced exhibits containing Plaintiff's personally identifiable information to remain confidential and under seal.

DATED: May 29, 2025

        **MOGINRUBIN LLP**

        */s/ Timothy Z. LaComb*
        Daniel J. Mogin
        Timothy Z. LaComb
        4225 Executive Square, Suite 600
        La Jolla, CA 92037
        Telephone:   (619) 687-6611
        Facsimile:   (619) 687-6610

        **Don Bivens PLLC**
        Don Bivens
        15169 N. Scottsdale Road, Suite 205
        Scottsdale, AZ 85254
        Telephone:   (602) 708-1450
        *\*Pro Hac Vice Application Forthcoming*

        *Attorneys for Plaintiff*