Secretariat

Highly Confidential

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br>Plaintiff,<br><br>vs.<br><br>EATING RECOVERY CENTER LLC,<br><br>Defendant. | Case No: 3:23-cv-05561-VC<br><br>June 13th, 2025 Declaration of James Vint in Support of ERC's Motion of Summary Judgment |

1. My name is James Vint. I am a Managing Director at Secretariat Advisors, LLC, an international consulting firm that specializes in, among other things, advisory and expert services related to data-driven forensic and data privacy investigations, legal matters, and regulatory compliance reviews. I have previously submitted Declarations in this matter dated March 17, 2025 (the "Declaration"), and April 7, 2025 (the "Rebuttal").

2. I have been asked by Mullen Coughlin LLC on behalf of Defendant, Eating Recovery Center, LLC ("ERC"), to provide my opinions related to 1) certain browser considerations and the impact of the browser on transmissions to third parties and 2) the lack of evidence that anything was "read" or otherwise analyzed while in transit.

3. Plaintiff testified that [redacted] In fact, ERC has no record of Plaintiff filling out or completing the form,[2] nor is there any indication in the data provided by Meta that a form was

[1] *See* Exhibit 11 (Deposition of Jane Doe) to the Declaration of James Monagle in support of ERC's Motion for Summary Judgment (the "Monagle Dec"), at 27:24; 29:4-25; 187:19-188:11

[2] Declaration of Sara Villegas in support of ERC's Motion for Summary Judgment, ¶ 20-21.

submitted.[3] In fact, it appears that Plaintiff's contact information was provided to ERC, [redacted][4]

4. Plaintiff also testified [redacted][5] Apple's Safari blocks all third-party cookies, including the Facebook c_user cookie value, by default.[6] This feature has been in place since 2020.

5. If Plaintiff used Safari while navigating the ERC website, or filling out and submitting forms, Plaintiff's c_user value would *not* have transmitted to Facebook and Facebook would *not* have had the ability to even *possibly* connect these actions to her profile.

6. Plaintiff's Motion for Summary Judgment ("the Motion")asserted that "Meta Intercepted Plaintiff's Communications While "In Transit" or "Being Sent From" California."[7] To support this, Plaintiff provided a screenshot from a HTTP HAR file demonstrating various data transmissions while interacting with ERC's website.

7. However, this example, intended to demonstrate "interception while in transit" or "being sent from California," does not support (a) the detail in the screenshot, (b) the supplemental explanation, or (c) the actual sequential transmissions that occurred. The screenshot and the accompanying explanation do *not* indicate any information was obtained or diverted when sent from, or transmitted between, a website visitor's browser and the ERC Website.

8. Rather, the screenshot and accompanying explanations illustrate a set of

[3] *See* Monagle Dec., Exhibits 1 (PIXEL_ERC_00000001) and 2 (PIXEL_ERC_00000002)
[4] *See* Monagle Dec., Exhibits 6 and 7.
[5] *See* Monagle Dec., Exhibit 11 (Deposition of Jane Doe), 130:17-21
[6] In November 2019, as part of an Intelligent Tracking Prevention "ITP" update, Safari fully blocked all third-party cookies by default. See https://www.apple.com/safari/docs/Safari_White_Paper_Nov_2019.pdf.
[7] Plaintiff's Motion for Summary Judgment, Section (IV)(A)(a)(iv).

sequential transmissions of information between a Website visitor's internet browser and the ERC Website servers on the one hand, and a separate, subsequent set of sequential data transmissions between the Website visitor's internet browser and a third party, in this case, Meta. This is described in Plaintiff's accompanying commentary in the Motion which specifically states that it was "…174 milliseconds (less than 0.2 seconds) after the link was clicked…"[8] that a transmission to Facebook occurred. While close in time, it is *not* simultaneous. To illustrate, 0.2 seconds (or less) can separate Gold and Silver in the Olympics. 0.2 seconds is a measurable increment of time as explained by the Plaintiff, and by definition, demonstrates a lack of interception.

9. Tobias Woldridge testified that there are differences in the timestamps for when the Pixel is loaded to a webpage and when data is sent to Facebook, [redacted]"[9]

10. Additionally, there are varying parameters (e.g., cookie values), attributes (e.g., URL fields), and data fields (e.g., different referer fields) sent to and from the web server and to and from the third party, further highlighting a lack of interception while "being sent" or "in transit." The distinct differences in the transmissions indicates that the same transmission is not copied to a third-party.

11. Consequentially, Plaintiff demonstrates that there were, in fact, separate sets of data transmissions. The first set between the Website visitor's internet browser and the ERC website; the second set between the Website visitor's internet browser and Meta.

12. Thus, Plaintiff's demonstrative represents a three-step process. First, the browser

[8] Plaintiff's Motion for Summary Judgment, Section (IV)(A)(a)(iv).
[9] *See* Monagle Dec., Exhibit 12 (Woolridge Dep.), at 22:6-10.

makes a request of the web server. Second, the web server responds by sending packets of data back to the browser. Third, once those packets are reassembled, allowing the page to operate, additional code allows new requests to be sent to the respective third parties. The same process occurs between the browser and a third party meaning the packets being transmitted are not able to be analyzed or interpreted while in transit. They must first be received and then reassembled prior to any analysis or ingestion.

13. Further, since network packets are sent in different network packets and are encrypted in transit[10] when using HTTPS (Hypertext Transfer Protocol Secure)[11],[12], it isn't possible read or understand the context of the transmission while in transit. Therefore, it is not possible to interpret, analyze or understand context of the data in these packets until received and reassembled.

14. As a result, Plaintiff demonstrates that the process does *not* involve the third parties capturing, obtaining, or diverting any information while data is transmitted between a website visitor's browser and the website. Plaintiff does not provide any support for use of the term "intercept" to mean capture or diversion of any information while it is in transit between Plaintiffs and Defendants.

Executed of this 13th day of June, 2025.

James Vint

[10] https://nilesecure.com/network-security/what-is-network-encryption-how-does-it-work
[11] https://www.cloudflare.com/learning/ssl/what-is-https/
[12] Eating Recovery Center's URL is https://www.eatingrecoverycenter.com/