**MOGIN LAW LLP**
Daniel J. Mogin (SBN No. 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dmogin@moginlawllp.com
tlacomb@moginlawllp.com

**DON BIVENS PLLC**
Don Bivens (*pro hac vice forthcoming*)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 708-1450
don@donbivens.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiff,<br><br>vs.<br><br>EATING RECOVERY CENTER LLC,<br><br>Defendant. | Case No: 3:23-cv-05561-VC<br><br>**DECLARATION OF TIMOTHY Z. LACOMB IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Vince Chhabria |

# DECLARATION OF TIMOTHY Z. LACOMB

I, Timothy Z. LaComb, declare and state:

1. I am an attorney with the law firm of Mogin Law, LLP, counsel of record for Plaintiff. I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto.

2. This Declaration is submitted in Support of Plaintiff's Reply in Support of Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

3. Exhibit 1 is Exhibit 6 to the Deposition of Kimberly Watson, which ERC has designated as Confidential. A true and correct copy was filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

4. Exhibit 2 is PIXEL_ERC_00000001 and relevant excerpts thereto are used to make the relevant information more legible. This Exhibit discloses certain of the data Meta intercepted and matched to Plaintiff. This Exhibit was designated by non-party Meta Platforms, Inc. ("Meta") Highly Confidential – Attorney's Eyes Only. It also includes information Plaintiff designated as Highly Confidential – Attorney's Eyes Only. A true and correct copy was filed with both Plaintiff's Administrative Motion to Seal and Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

5. Attached hereto as Exhibit 3 are true and correct copies of screenshots from the webpages located at https://web.archive.org/web/20220625230851/https://www.eatingrecoverycenter.com/ and https://web.archive.org/web/20230820071729/https://www.eatingrecoverycenter.com/. These screenshots represent the homepage of Defendant's website as it existed on June 25, 2022, and August 20, 2023, respectively. Both webpages contain the relevant statement "100% Confidential." To generate this screenshot, on June 27, 2025, I used the Internet Archive "wayback machine," which is ubiquitously used to obtain screenshots of webpages as they existed on a certain date. I navigated to the "wayback machine" and typed in the following website address: www.eatingrecoverycenter.com/ and then selected the dates that were available

and closest to the date Plaintiff first visited ERC's website and the last visited ERC's website before this case was filed. This Exhibit fairly and accurately reflects what I perceived while reviewing the webpage produced by the "wayback machine."

6. Attached hereto as Exhibit 4 are true and correct copies of screenshots from the webpages located at https://web.archive.org/web/20220708184243/https://www.eatingrecoverycenter.com/privacy-policy; https://web.archive.org/web/20230801193748/https://www.eatingrecoverycenter.com/privacy-policy. These screenshots represent the Privacy Policy for Defendant's website as it existed on July 8, 2022 and August 1, 2023, respectively. Both webpages include Defendant's Privacy Policy as it existed on those dates. To generate this screenshot, on June 27, 2025, I used the Internet Archive "wayback machine," which is ubiquitously used to obtain screenshots of webpages as they existed on a certain date. I navigated to the "wayback machine" and typed in the following website address: www.eatingrecoverycenter.com/privacy-policy and then selected the dates that were available and closest to the date Plaintiff first visited ERC's website and the last visited ERC's website before this case was filed. This Exhibit fairly and accurately reflects what I perceived while reviewing the webpage produced by the "wayback machine."

7. Attached hereto as Exhibit 5 is a true and correct copy of a screenshot of the webpage located at https://www.eatingrecoverycenter.com/virtualcare. On June 27, 2025, I typed in the website address at the date and time reflected on the Exhibit. I reviewed the content of this website. This Exhibit fairly and accurately reflects what I perceived while reviewing the website.

8. Attached hereto as Exhibit 6 is a true and correct copy of a screenshot of the webpage located at https://www.eatingrecoverycenter.com/resources. On June 27, 2025, I typed in the website address at the date and time reflected on the Exhibit. I reviewed the content of this website. This Exhibit fairly and accurately reflects what I perceived while reviewing the website.

9. Attached hereto as Exhibit 7 are true and correct copies of screenshots from the webpages located at https://web.archive.org/web/20211215195713/https://www.eatingrecoverycenter.com/form/self-assessment-form; https://web.archive.org/web/20230801192659/https://www.eatingrecoverycenter.com/form/self-assessment-form. These screenshots represent the self-assessment form with which Plaintiff interacted on Defendant's website as it existed on December 15, 2021, and August 1, 2023, respectively. Both webpages include a relevant section of the self-assessment form with which Plaintiff interacted as it existed on those dates. To generate this screenshot, on June 27, 2025, I used the Internet Archive "wayback machine," which is ubiquitously used to obtain screenshots of webpages as they existed on a certain date. I navigated to the "wayback machine" and typed in the following website address: eatingrecoverycenter.com/ and then selected the dates that were available and closest to the date Plaintiff first visited ERC's website and the last visited ERC's website before this case was filed. This Exhibit fairly and accurately reflects what I perceived while reviewing the webpage produced by the "wayback machine."

10. Exhibit 8 is a spreadsheet listing ERC's advertisements on Meta that was produced without a bates number. This document has been filed under seal because Defendant ERC designated information contained in the document "Highly Confidential – Attorney's Eyes Only." A true and correct copy was filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

11. Exhibit 9 is excerpts from the Deposition of Kimberly Watson, which includes information Defendant designated as Confidential or Highly Confidential – Attorney's Eyes Only. A true and correct copy was filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

12. Exhibit 10 is excerpts from the Deposition of Sara Villegas, which Defendant designated as Confidential. A true and correct copy was filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

13. Attached hereto as Exhibit 11 is a true and correct copy of the Declaration of Matthew Strebe in Support of Plaintiff's Reply in Support of Summary Judgment.

14. Exhibit 12 is excerpts from the Deposition of Tobias Woolridge, which Meta has designated as Confidential. A true and correct copy was filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

15. Attached hereto as Exhibit 13 is a redacted copy of the Declaration of Jane Doe in Support of Plaintiff's Reply in Support of Motion for Summary Judgment. This Exhibit contains certain information that Plaintiff designated as Confidential or Highly Confidential – Attorney's Eyes Only and is, therefore, produced in redacted form. A true and correct copy was filed with Plaintiff's Administrative Motion to Seal.

16. Attached hereto as Exhibit 14 is a true and correct copy of the Meta Business Tools Terms, which are located at https://www.facebook.com/legal/businesstech/. On June 27, 2025, I typed in the website address at the date and time reflected on the Exhibit. I reviewed the content of this website. This Exhibit fairly and accurately reflects what I perceived while reviewing the website.

17. Attached hereto as Exhibit 15 is a true and correct copy of the Meta's Data Processing Terms, which are located at https://www.facebook.com/legal/terms/dataprocessing. On June 27, 2025, I typed in the website address at the date and time reflected on the Exhibit. I reviewed the content of this website. This Exhibit fairly and accurately reflects what I perceived while reviewing the website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed June 27, 2025, at La Jolla, California.

*/s/ Timothy LaComb*
Timothy Z. LaComb