UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>EATING RECOVERY CENTER LLC,<br><br>        Defendant. | Case No. 23-cv-05561-VC<br><br>**ORDER RE SUPPLEMENTAL BRIEFS** |

    The Court is tentatively of the view that, even if Meta's process of excising certain information from the URLs does not amount to "reading" the contents of the communication within the meaning of the second clause of Section 631(a), Meta's mere act of redirecting the communication to itself falls within that clause. The second clause imposes liability where a person "attempts…to learn the contents…of any…communication while the same is….being sent from, or received at any place within this state." Intercepting a communication for the purpose of analyzing its contents later, even without reading the communication while it's in transit, would appear to be part of an attempt to learn the contents of a communication while it's being sent. But because the briefs did not focus on these aspects of the statutory language, the parties are invited to address the Court's tentative conclusion in a supplemental brief.[1]

    The parties should also address whether, if the Court sticks with this interpretation of the statute, summary judgment should be granted in favor of Doe under the second and fourth

---

[1] The Court is of the view that the URLs shown in Ex. 3 to the LaComb Decl. / Ex. 1 to ERC's Motion constitute the "contents" of communication under Section 631(a), and that the Plaintiff has Article III standing to bring this suit. The parties should not focus on these issues in their supplemental briefing.

clauses of Section 631(a). The Court is tentatively of the view that the answer is yes—it does not appear that Eating Recovery Center identified any factual dispute that would need to be decided by a jury under this reading of the statute.

Furthermore, if the Court grants summary judgment to Doe under the second clause of Section 631(a), does it need to reach Doe's argument about the third clause?

With respect to the CMIA claim, although it's a difficult question, the Court is very tentatively of the view that if a health provider allows a third party to see that a person visited URLs titled "https://www.eatingrecoverycenter.com/form/self-assessment-form?page=take_the_first_step&request_type=personal" and "https://www.eatingrecoverycenter.com/conditions/eating-disorders/quiz", the health provider is allowing the third party to see "medical information" about that person within the meaning of the CMIA. If you learn that a person visited these URLs, you have received information that allows you to reach a conclusion about the person's health status: this is a person who likely has an eating disorder, or at least believes they may have an eating disorder. Section 56.05 of the statute defines "medical information" as including information "regarding a patient's…mental or physical condition." That a person likely has an eating disorder or thinks they have an eating disorder arguably qualifies as information regarding the person's "mental or physical condition."

However, the Court is tentatively of the view that visiting publicly available web pages and having a phone conversation with someone from ERC's call center did not make Doe a "patient" of ERC within the meaning of the CMIA. And contrary to the plaintiff's suggestion at oral argument, this would appear to foreclose the Section 56.101 claim as well as the claims under Section 56.10. Section 56.101 requires health providers not to be negligent in how they handle "medical information." As noted in the preceding paragraph, the statute defines "medical information" as information regarding the mental or physical condition of a "patient." So Section 56.101 appears to impose liability only to the extent that providers are negligent with the health information of "patients" as defined in the statute. Presumably the unauthorized dissemination of medical information about non-patients could give rise to liability under a number of other

provisions, but it does not appear to give rise to liability under the CMIA. The parties should address this question as well.

The supplemental briefs are due Friday, August 8, 2025 at 5:00 p.m. and may not exceed 15 pages.

**IT IS SO ORDERED.**

Dated: August 1, 2025

_____
VINCE CHHABRIA
United States District Judge