**MOGINRUBIN LLP**
Daniel J. Mogin, Esq., Bar No. 95624
Timothy Z. LaComb, Esq., Bar No. 314244
4225 Executive Square, Suite 600
La Jolla, CA 92037
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
tlacomb@moginrubin.com

**Don Bivens PLLC**
Don Bivens
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:    (602) 708-1450
*Pro Hac Vice Application Forthcoming

*Attorneys for Plaintiffs*

**MULLEN COUGHLIN LLC**
James F. Monagle
500 Capital Mall, Suite 2350
Sacramento, CA 95814
Tel: (267) 930-1529
Fax: (267) 930-4771
jmonagle@mullen.law

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br>　v.<br>EATING RECOVERY CENTER, LLC,<br><br>　　　　　　　Defendant. | Case No.: 3:23-cv-05561-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: May 24, 2024<br>Time: 10:00 AM<br>Place: San Francisco Courthouse<br>　　　　Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

The parties to the above-entitled action respectfully submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

## JURISDICTION & SERVICE

This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than 100 class members, and one or more members of the Class are residents of a different state than Defendant Eating Recovery Center, LLC ("ERC" or "Defendant"). ERC has challenged Plaintiff's standing at the motion to dismiss and summary judgment stages, but the Court has indicated it has found Plaintiff has standing.

## FACTS

ERC provides treatment for eating disorders and offers several services through its two interactive websites.

Plaintiff alleges, and ERC disputes, that ERC agreed with Meta to imbed code on its websites (the "Pixel") that enabled Meta to intercept private and medical information from website users without authorization, including: (i) medical treatments users are receiving/considering; (ii) answers to diagnostic quizzes that include information about conditions/symptoms; (iii) facilities where users obtain/consider treatment; (iv) support groups for which users register; and (v) terms entered into ERC's internal search bars. According to Plaintiff, which ERC contests, this alleged practice contradicted representations made by ERC, including that it would keep user data "100% Confidential" and that it would "NEVER share or sell" user data.

Plaintiff alleges, and ERC disputes, that ERC and Meta benefit financially from this alleged practice. Meta views and uses the data to improve ad profiles and services and ERC receives analytics and research from Meta based on the intercepted data, enabling it to increase

revenue.  ERC denies it has received any legally cognizable benefit related to the allegations, much less a calculable benefit traceable to the alleged conduct at issue.

Plaintiff alleges, and ERC contests, that by implementing the Pixel, ERC has violated several laws, including (i) the California Invasion of Privacy Act ("CIPA"); (ii) California's Confidentiality of Medical Information Act (the "CMIA"); and (iii) common law unjust enrichment.

## LEGAL ISSUES

The parties have identified the following legal issues:

(i) whether Defendant violated CIPA;

(ii) whether Defendant violated the CMIA;

(iii) whether Defendant was unjustly enriched through its alleged use of the Pixel;

(iv) whether Meta "read or attempted to read or learn" the "contents" of Class Members' "communications" while "in transit," as defined by CIPA;

(v) the applicability of the remedies set forth under §§ 56.35 or 56.36 of the CMIA;

(vi) whether Plaintiff has properly alleged or can substantiate that Meta actually viewed any CMIA-protected information regarding Plaintiff or other putative class members;

(vii) whether CMIA claims may be pursued on behalf of a putative class; and

(viii) whether the case is appropriate for class treatment under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

## MOTIONS

The parties' respective motions for summary judgment are currently pending. The parties completed briefing on July 11, 2025. Plaintiff filed a Motion For Leave to File a Sur-Reply in Support of Motion for Summary Judgment on July 18, 2025, Defendant opposed the motion on July 25, 2025. Defendant also filed a Motion *in Limine* and Motion to Exclude Expert Testimony

of Matthew Strebe, briefing concluded on July 1, 2025. The Court held oral argument on the motions on July 31, 2025. The Court issued an Order Re Supplemental Briefs on August 1, 2025.

### AMENDMENT OF PLEADINGS

Subject to any Court-imposed deadlines, Plaintiff may also seek to amend her complaint as allowed by the Court.

### EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer pursuant to Fed. R. Civ. P. 26(f) prior to the initial CMC regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably understood to be part of the case.

### DISCLOSURES

The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 within two weeks after the initial CMC.

### DISCOVERY

The parties have completed discovery concerning the claims of the Plaintiff. If the case proceeds past summary judgment motions, then the parties will begin class-related discovery shortly thereafter or consistent with any schedule entered by the Court.

### CLASS ACTIONS

Attorneys for the parties have reviewed the Procedural Guidance for Class Action Settlements. Plaintiffs anticipate filing a motion for class certification on or before any deadline adopted by the Court. Pursuant to Civil Local Rule 16-9(b), the parties provide further statements regarding class action issues below.

Plaintiff's Statement:

Plaintiff contends this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (b)(3). This action is brought on behalf of the following class:

> All persons who reside in California and whose medical or private information or communications were obtained by, shared with, or disclosed to Meta during the Class Period as a result of using ERC's websites.

The proposed class expressly excludes Defendant; its officers, directors or employees; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; any attorneys appearing in this matter; any federal, state or local governmental entities; any judicial officer presiding over this matter and the members of his or her immediate family and judicial staff; and any juror assigned to this action.

The following facts demonstrate this matter is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (b)(3):

**Numerosity**: Class Members are so numerous and geographically dispersed that joinder is impracticable. Tens of thousands of California residents had their medical or private information or communications obtained by, shared with, or disclosed to Meta because of using an ERC website.

**Typicality**: Plaintiff's claims are typical of the claims of Class Members because Plaintiff is a California resident who had her private and medical information and communications obtained by, shared with, and disclosed to Meta because of using ERC's website.

**Commonality**: All of the principal factual and legal disputes are common to all Class Members.

**Predominance**: All of the common factual and legal disputes predominate over issues that may impact Class Members individually.

**Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff's interests are aligned with, and not antagonistic to, those of the other members of the Class. Plaintiff has also retained counsel competent and experienced in the prosecution of class actions and complex data privacy cases to represent her and the Class.

**Superiority**: A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class Members is impracticable. The individual prosecution of separate actions by individuals would lead to repetitive adjudication of common questions of fact and law and create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant. There will be no difficulty in the management of this action as a Class action.

**Defendant's Common Conduct**: Defendant acted or refused to act on grounds generally applicable to the Class, making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

Defendant's Statement:

ERC contests that any of Plaintiff's claims may be maintained in a class action, and ERC will oppose any attempt by Plaintiff to certify a putative class in this action. ERC disputes all of Plaintiff's positions on this issue set forth above, including that Plaintiff's proposed class definition is proper, that the requirements of Fed. R. Civ. P. 23(b)(2) and (b)(3) can be satisfied, or that the principles Numerosity, Typicality, Commonality, Predominance, Adequacy and Superiority are satisfied, or that Plaintiffs can establish an entitlement to injunctive relief individually or on a class-wide basis.

## RELATED CASES

The parties are not aware of any related case currently pending before any court or administrative body.

## RELIEF SOUGHT

Plaintiff seeks to recover from Defendant monetary relief that includes actual damages, statutory damages, restitution, costs, and punitive damages as permitted by law. Plaintiff also seeks to obtain injunctive relief that (i) enjoins Defendant from disclosing users' private or medical information to third-parties without consent, (ii) enjoins Defendant from using information or analytics created by any third-party based on users' unlawfully intercepted private or medical information; and (iii) requires Defendant to take reasonable steps to inform all users whose private or medical information was unlawfully disclosed to Meta.

Plaintiff cannot precisely calculate potential damages at this time because actual damages are unknown and Defendant is the only party with information showing the exact size of the Class. However, CIPA provides for $3,000 minimum damages per violation and the CMIA provides for $1,000 minimum damages per violation. Therefore, statutory damages alone likely exceed $50,000,000.

ERC asserts that Plaintiff lacks standing and has suffered no actual harm whatsoever, much less cognizable damages to support any of Plaintiff's claims. ERC also contests the factual allegations contained in Plaintiff's statement regarding relief being requested, and ERC disputes that Plaintiff's or any putative class members' private or medical information was intercepted or disclosed.

## SETTLEMENT AND ADR

The parties will meet and confer regarding ADR shortly after the Court issues an order on the cross-motions for summary judgment. At this point, the parties appear amenable to private mediation within 90 days of this order.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**On November 9, 2023, Plaintiff filed a Declination to Proceed before a Magistrate.**

## OTHER REFERENCES

The parties do not believe this case is suitable for other references.

## NARROWING OF ISSUES

The parties will work cooperatively to narrow the issues as much as possible.

## EXPEDITED TRIAL PROCEDURE

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

## SCHEDULING

The parties propose the following schedule, which assumes the case proceeds past the cross-motions for summary judgment. The trial date is roughly 15 months following the Court's Order on the cross-motions for summary judgment, which the Parties believe is an appropriate timeline for this case.

| Event | Date |
| --- | --- |
| Deadline for parties to agree on initial search terms, custodians, and sources of ESI for class discovery or submit issue to the Court. | Friday, September 21, 2025 |
| Substantially Complete Initial Production of Documents | Friday, October 24, 2025 |
| Further Case Management Conference | Friday, November 14, 2025 |
| Close of Class Discovery | Friday, January 2, 2026 |
| Opening Class Expert Disclosures | Friday, January 30, 2026 |
| Rebuttal Class Expert Disclosures | Friday, March 6, 2026 |

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT AND [PROP] ORDER
3:23-CV-05561-VC

| | |
|---|---|
| Close of Expert Discovery | Friday, April 17, 2026 |
| Motion for Class Certification | Friday, May 22, 2026 |
| Opposition to Class Certification | Friday, June 19, 2026 |
| Reply in Support of Class Certification | Friday, July 10, 2026 |
| Daubert Motions | Friday, August 7, 2026 |
| Oppositions to Daubert Motions | Friday, August 28, 2026 |
| Reply to Dispositive and Daubert Motions | Friday, September 11, 2026 |
| Hearing on Dispositive and Daubert Motions | Thursday, September 18, 2026 |
| Pretrial Conference | Monday, October 20, 2026 |
| Trial | Monday, November 3, 2026 |

## **TRIAL**

Plaintiff requests a jury trial and expects a trial will not exceed two weeks, including jury selection.

## **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties previously filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. As outlined in Plaintiff's filing, there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  Prior to the conference ERC intends on supplementing its "Certification of Interested Entities or Persons" based upon a recent change of ownership at ERC.

**PROFESSIONAL CONDUCT**

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: August 8, 2025

Respectfully Submitted,

*/s/ Timothy Z. LaComb*

Counsel for Plaintiff


*/s/ James F. Monagle*

Counsel for Defendant

**FILER'S ATTESTATION**

I, Timothy Z. LaComb, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement/Rule 26(f) Report. In compliance with L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case Management Conference Statement has been obtained from each of the other signatories.

August 8, 2025                             _/s/ Timothy Z. LaComb_____
                                           **MOGINRUBIN LLP**
                                           4225 Executive Square, Suite 600
                                           La Jolla, CA 92037
                                           Tel: (619) 687-6611
                                           Fax: (619) 687-6610
                                           tlacomb@moginrubin.com

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Date: _____

UNITED STATES DISTRICT JUDGE CHHABRIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT AND [PROP] ORDER
3:23-CV-05561-VC

-1-

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 11, 2025, I electronically filed the foregoing DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: July 11, 2025                              Respectfully submitted,

                                        By:    */s/ James F. Monagle*
                                               James F. Monagle