UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> EATING RECOVERY CENTER LLC, <br><br> Defendant. | Case No. 23-cv-05561-VC <br><br> **ORDER GRANTING ERC'S MOTION FOR SUMMARY JUDGMENT ON DOE'S CMIA CLAIMS AND UNJUST ENRICHMENT CLAIM; ORDER RE SEALING MOTIONS** <br><br> Re: Dkt. Nos. 86, 100, 127, 150, 153 |

ERC's motion for summary judgment is granted as to Doe's CMIA claims and her unjust enrichment claim. This ruling assumes the reader is familiar with the applicable legal standard and with the arguments and evidence presented by the parties.

Doe brought two claims under the CMIA—one covering disclosure of medical information (the Section 56.10 claim) and another covering the negligent handling of medical information (the Section 56.101 claim). *See* Cal. Civ. Code §§ 56.10, 56.101. Each claim requires that the information at issue belong to a "patient." The CMIA defines a "patient" as someone "who received health care services from a provider of health care[.]" *Id.* § 56.05(m).[1]

Doe points out that the CMIA's definition of "patient" must be interpreted broadly in light of the statute's remedial nature, such that the receipt of a minimal amount of health care services is sufficient to make someone a patient. *See Pettus v. Cole*, 49 Cal. App. 4th 402, 429 (1996). Even so, Doe's interaction with ERC falls short. Interpreting the evidence in the light

---

[1] Although Section 56.101 does not explicitly mention the word "patient," that section concerns "medical information," which, under the CMIA, refers to the individually identifiable information "regarding a *patient's* medical history, mental health application information, reproductive or sexual health application information, mental or physical condition, or treatment." Cal. Civ. Code § 56.101(j) (emphasis added).

most favorable to Doe, all that occurred before ERC "disclosed" her information to Meta was that Doe browsed several pages on ERC's website, including pages with a diagnostic quiz and self-assessment form, respectively. It's not clear whether Doe completed the quiz and the form, but even assuming she did, that would not make her a patient within the meaning of this particular statute because the operator of the website is not performing any type of professional service at that point. Doe points out that she also communicated with ERC over the phone about treatment options and provided her insurance information to ERC at some point. But the information at issue here—the data related to Doe's browsing of the ERC website—would have been directed to Meta before the call—as both parties agree, the data captured by the Pixel is shared near-instantaneously. Because the call happened after Doe's data was shared, it doesn't establish that Doe was a patient of ERC at the relevant time. Similarly, ERC's internal classification of Doe as a potential patient doesn't help Doe because, by all accounts, this classification resulted from ERC's basic screening over the phone, after the data at issue was shared.[2]

ERC's motion is also granted as to Doe's unjust enrichment claim. Assuming Doe is correct that she only had to show that ERC was enriched and that it would be unjust for ERC to retain that enrichment, she has not presented evidence to create a genuine dispute of material fact on these issues. All the record reflects is that, like many businesses, ERC used Meta's services to aid its marketing efforts. Doe has not pointed to any evidence that these efforts enriched ERC, let alone that Doe's data in particular enriched ERC.

The administrative motion to seal at Dkt No. 153 is granted. The sealing requests summarized at Dkt. No. 127 are granted, with the exception of Meta's written responses to Doe's questions (Dkt. No. 88-5). Meta contends this document should be redacted because it contains discussion of how event data is used by Meta and public disclosure of this information would

---

[2] None of this is to say that a website operator is free to transmit a visitor's private medical information to third parties. It's just that this particular statute—the CMIA—doesn't cover the transmission of non-patients' medical information.

place Meta at a competitive disadvantage. It is difficult to see how Meta's highly generalized descriptions of its Pixel technology would place Meta at a competitive disadvantage. At the same time, a high-level understanding of how Meta uses data collected by the Pixel is key to understanding this dispute. The administrative motion to seal at Dkt. No. 150 is also denied because a declaration in support of the motion was not submitted pursuant to Local Rule 79-5(f)(3). Accordingly, Doe is ordered to file unredacted versions of the documents at Dkt Nos. 88-5, 150-2, 150-3, 150-4, and 150-5 on the docket within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: October 17, 2025

VINCE CHHABRIA
United States District Judge